Mr. Aparicio-Soria respectfully requests that this court hold that his prior conviction for resisting arrest in Maryland categorically does not qualify as a crime of violence under the guidelines because it lacks an element of violent force. Just recently this court decided United States v. Gomez which is discussed in the brief at length so I won't belabor those points but in that case the statute because it could be committed by force or could not be committed by force but it didn't actually have categories separate crimes that you could point to and look at because of that it was categorically not a crime of violence. I would also like to point your attention to a decision that Judge Wilkinson you decided just 15 days ago it's Rangel Castaneda and in that case the defendant was arguing that his conviction for a Tennessee aggravated statutory rape did not qualify as a generic statutory rape under the same guideline we have here at the 2L. In that case he argued that because his conviction depended on an element that required the age of 18 be the age of consent while the generically statutory crime had an age of 16 it was categorically over broad and that was the language that they used categorically over broad so some of the offenses could have been committed upon a victim under the age of 16 some may not. I think what we have is a couple of prior decisions I think both of them were written by Judge King which addressed the more specific. Which cases? Jenkins and Warlick. Jenkins and Wardrick. I think they're Jenkins and Warlick and they addressed the specific situation here which was the residual clause of ACCA that the resistance to arrest qualified as a violent felony. That was a different clause and that was a different guideline. It didn't turn on whether the force clause or the residual clause really was the issue. It seemed to indicate those opinions and there's a relationship of course between the residual clause and the force clause. I respectfully disagree Your Honor. Actually the Jaynes and the cases you mentioned they are analyzing the question of whether or not the conduct presents a serious potential risk of physical injury. In those cases you look at the ordinary case. You look at. I know that. I mean I know the difference between the residual clause and the force clause in the ACCA but what I'm saying is you had really the same crime in these cases and I'm simply afraid you know oh well that was just a residual clause and we're dealing with the force clause that we're going to be eroding those two cases which which spoke to exactly this crime. Well respectfully Your Honor those cases did not speak exactly to the analysis here. The analysis here is is there an element of violent force? It might be helpful if you have at your fingertips and I suspect you don't but maybe you do. Is there an opinion anywhere in the country in which the same crime was found to qualify under the residual clause but not under the force clause? See that would be the home run right? Yes. That would be the home run. And I'm sure it does exist and I promise I will file a Rule 28 Jay letter as soon as it comes to my attention. We'll look for it on Monday. But the analysis. Not this afternoon. But the the analysis is very different and and the the government filed a 28 Jay letter which which highlights the difference in it. You know at some point we have to connect with common sense. No no common sense has a place but hold on I know I appreciate that you're very committed to your case and you it's okay if you interrupt me a little bit as long as I get to come back. But it again I think it creates riptides in the jurisprudence and confuses and subdivides what is already a very arcane area. This sentencing stuff is very arcane and you know when somebody looks at what's the common sense of it all that the circuit has two Judge King has two cases out there and in Johnson and Warlick which said that that resisting arrest qualifies as a violent felony under residual clause of the ACCA but hey it didn't address the the the force clause and so those King's decisions are simply inoperative and Judge Chasnow was completely wrong and then and the and then the circuit's jurisprudence I think becomes a big muddy. I agree with you that it's arcane but the statute is written differently than the guideline. Now the guideline could have included a residual clause. Why it didn't I have no idea. It only included a force clause and enumerated crimes. The ACCA has force clause enumerated crimes and residual clause. That does not exist here so you can't you can't import the analysis from Wardrick and Jenkins and pretend it applies here because that's not the question is much narrower here. Not only would we be creating a riptide within the circuit. I disagree that there would be. But I honestly think we would be creating a circuit split with the 11th circuit. Romo Villa Lobos. Is that the question? Yes the resisting arrests. With violence. As I understand it the 11th circuit held that resisting arrest satisfied the crime of violent enhancement and there. Let him finish. Sorry. There there was nowhere near the degree of the extent of analysis of Florida courts that we actually have from the Maryland courts and yet the 11th circuit says that's a crime of violence. So you know what I'm just what I'm concerned about is a little bit of consistency in sentencing because the guidelines do have as one of their objectives uniformity and we on the circuit court have as one of our objectives a certain. We try to have a certain consistency in our jurisprudence. I think Judge Chasnow was was really trying as hard as a district judge could try to be faithful to what our jurisprudence had said. She read the whole thing. Now you can say now you can say that the Florida statute is the term violent force and that's not the Maryland statute. The Florida statute is divided. There's two different statutes. There's resisting arrest with violence and there's resisting arrest without violence. The government is talking about the statute which is titled resisting arrest with violence. We our case is the statute which is resisting arrest without violence. We do not have a case saying that that fits any of these. Now let me also add that Chief Judge Chasnow has since changed her tune. After Gomez she has been presented with second degree assault cases where the same question arises do you apply categorical or modified to look for force. She has since Gomez decided that you have to apply the categorical approach. Other judges in the Maryland District Court have followed suit. Judge Blake, Judge Motz. So that's the consistency. Let's say you apply the categorical approach okay but that doesn't you know sometimes you think well we apply the categorical approach the defendant automatically wins. They don't automatically win. When you apply the categorical approach to second degree assault which is what was recently done and in this case you look to the elements of the crime. That's it. You don't look beyond for serious potential risk. That's the residual clause and here we have Nicholas the Court of Appeals in Maryland held that you only need de minimis force. It's the same situation that exists in the second degree assault cases that more recently have been held to never categorically qualify as a crime of violence. Well doesn't the Rich decision say force is necessary? Said force is necessary and then Nicholas said de minimis. The amount of force. The amount of force is important because Johnson the Supreme Court looked at battery, Florida battery and found that the battery conviction needed only de minimis force. It did not qualify. The amount of force is determinative isn't it? Yes it is. It is. You can't have an element of the offense. You can't have something less. Look to the facts to determine the amount of force. No you look because the categorical approach makes you have to look at how it is defined. Charging documents. That's only if you go to the modified and that is only if you have divisible categories of crimes. You're saying this is a category. This is a categorical. Clearly categorical. If you want to go to the modified we still win because the charging document doesn't tell you that violent doesn't necessarily show that he was convicted for a violent crime. He was sentenced to four days on for what seemed like this this spree of activity and the charging document says he failed to put his hands around his back and he hit and he bit an officer. We agree that hitting and bitting is hitting and biting is violent force but we don't know which basis he pled guilty to because the government has not satisfied their burden of producing the plea transcript. I mean the district court is I mean the Rich decision the one line that it draws that you know it takes about as comprehensive a survey as possible to take and say that the difference between resisting arrest and the lesser instruction is the element or the presence of force. Force but not violent force. Well. Johnson the Supreme Court Johnson said you have to use. I'm finished. Sorry. All I'm saying is that when you when you codify a crime codified against the common law background and the background here dating back from 1950 is that the application of force and not simple flight is necessary for resistance for resisting arrest conviction. It makes plain that it simply does not consist of mere flight. That's right. And once again I think when you try to put this together the circuit precedent is simply very critical to this. And I it's just seems odd to me as a matter of common sense that something can be one thing under a residual clause something else under a force clause in the face of a decision a long line of decisions from the Maryland from the Maryland court that Rich surveyed which says that the difference between arresting a resisting arrest and obstruction is force. I mean it seems to me we we cut against the grain of Rich and we cut against the grain of of our own circuit decisions. And we we keep splitting and subdividing and making the the whole area more complicated more arcane. And I also think when you say oh well resisting arrest doesn't involve force when the whole crime is called resisting. I don't know how that connects with common sense. Well common sense doesn't what matters is how the court of appeals in Maryland defines it. Now the government keeps talking about resisting arrest being inherently violent in their mind they consider they see violence. You you may too. In my mind I picture passive resistance. I picture Gandhi. I picture civil disobedience. But what's in our minds is not relevant. What matters is what the court of appeals in Maryland has said. And they said the slightest touch the slightest physical touch constitutes force. It does not have to be violent. Pushing away from a police officer and running away would satisfy the elements. Pulling your arms into your chest is what happened in Jason Allen. Pulling his arms into his chest was sufficient force to satisfy. The point is Johnson says you're not to take outliers. And the question is what do most of these crimes involve? And Johnson says all right you know you can always find an outlier somewhere where there's you know and I guess in some of those cases where it was de minimis force. I thought one of those cases in Maryland appellate court actually reversed. But the point is what is the heartland of the crime? Not whether you can point to some case on the you know where you do this and you get that's not the common that's not the common crime. When you're looking I think your reference to the Johnson language of ordinary case again that goes back to the residual clause. They say and let me just quote it says that the residual provision speaks in terms of potential risk which is inherently a probabilistic concept. Therefore the proper increase whether in the ordinary case it presents serious risk. None of that exists in the force clause. Gomez says the only question much simpler is there an element of violent force here? The answer is no. You run into rich which says that force is an element. Not violent force. My time is up. I will I will sit down. Thank you. Morning your honor. Paul Knits on behalf of the United States. May it please the court. Judge Chazanow in July of last year. Mr. Knitson this is one of the finest briefs I've read. Oh. This government brief. I really mean that and I always intended to say that to you but the proof is in Judge Wilkinson's colloquy with your sister counsel. You have used the term violent or violence interchangeably with force throughout this Judge Wilkinson seems to be persuaded. But you're going to have to do a little more work to persuade me that under in the context of the Maryland resisting arrest statute as interpreted by the Maryland courts those terms violence and violent on the one hand and force on the other hand really can be used interchangeably in light of the guideline here. So that would be helpful. Judge Davis thank you for your very kind comments and I'm not at all surprised that your honor has a few questions for me just to see if I can bridge that gap. Let me say that violence is not a magic word here. If violence is a magic word it's my position that the government wins because the rich court says that the character of resisting arrest is quote violent and forceful. But they didn't say that about the Maryland statute. We didn't say that about the Maryland statute. Well that is in rich the court says resisting arrest has never consisted simply of flight or actions that did not amount to resistance by force and then goes on to say. The Maryland Court of Appeals says that's not true. Maryland Court of the Maryland Court of Special Appeals says you can in fact commit resisting arrest without the use of violent force. Well respectfully respectfully honor I disagree the question and I'm sure your honor if I'm reading the question right is referring to the Nicholas decision in which the court is presented with a different question. I'm referring to both the statute and the the interpretations of it. Now I appreciate that you've collected and done a very good job of collecting more than a score of resisting arrest reported opinions that clearly involve force violent force and one would expect that the prosecutors around Maryland wouldn't be prosecuting people for resisting arrest. In fact in this case in this very case the the most striking question is why they permitted the defendant to plead to resisting arrest rather than assault on a police officer. He bit the guy well he bit the guy now you and I both know the answer to that. It has to do with the Maryland the nature of the Maryland criminal justice system plea bargaining under-resourced prosecutors yada yada yada we all know that but that's not a part of this record. The fact of the matter is Maryland had the option to convict this guy of a very serious second degree assault it may well be first degree assault biting a police officer but they didn't do that. They had a plea to resisting arrest well which under Maryland law includes shoving away from a police officer in order to run away. If I might your I was a local DA for three years and of course you were and I prosecuted resisting arrest exactly I had you know 150 misdemeanor cases on my on my shelf and you had to move the cases through you got to get rid of them and if somebody was willing to plead to resisting and your your police officer was still out on the street or homesick or visiting his wife in the hospital you got what you took what you could get. And that's that's that's right your honor but in this case I would point the court's attention to the fact that as I understand it Mr. Aparicio-Soria was charged with second degree assault and resisting arrest exactly and the prosecutor didn't insist that he plead to second degree assault but your honor second degree assault is a lesser included crime of resisting arrest convicted of second degree assault but your but your honor resisting arrest is my reading of Nicholas is that second degree assault because it meets the less it subsumed by resisting arrest and therefore I think it's exactly the opposite exactly the opposite resisting arrest is the lesser included well resisting arrest can't be a lesser included of second degree assault because resisting arrest requires elements yeah okay what significance do you attach to the actual wording of these the statutes in terms of the crime of violence and says um any other offense under state federal state or local law that has an element attempted threatened use of physical force um and then you go to the uh acca and it says even the force clause has an element the use attempted use or threatened use of physical force um they don't use the word violent force now we're talking about a crime of violence but when you get down to the specifics of it both the guidelines um and the uh acca force clause talk about the use of physical force um so does that make a difference to you that the term physical force is used rather than violent force we assume that congress chooses his words carefully um maryland legislature for that matter or whatever well your honor uh in questioning for um the appellant uh use the term common sense and I would certainly like to put on the mantle of common sense and in that sense yes it does matter that uh the word force is is naked in in the definition in both the acca and the 201.2 guideline which is what we're here on today and even after the supreme court has told us what the meaning of force is no your honor we are bound by the supreme court's opinion in in johnson but um just to uh again um see if I can keep that common sense mantle on what was the court concerned with in johnson the court was concerned with not sweeping in offenses that are predicated on a offensive touching and this is where it's really important to contrast the jurisprudence of the maryland state courts with regard to second degree assault and their resisting arrest jurisprudence with regard to second degree assault we have real cases like lamb and epps in which a person was convicted of second degree assault in maryland for something that was certainly not violent force like pinching or kissing or um you know some brushing up against someone some other form of second degree assault and here we're talking about the battery variety of second degree assault but is clearly not violent and that's what the supreme court is after in johnson they're saying you know the acca is not intended to sweep in these state assault and battery convictions that are just offensive touching resisting arrest both when as characterized by the maryland courts and just as one thinks about the offense in terms of common sense involves violent physical force and there's a clause in the johnson opinion which refers to a not violent physical force but merely strong physical force those are the words that are used by the supreme court in johnson and what we have with resisting arrest by its very nature is a crime in which a defendant is trying as best as he or she can to get away from a law enforcement officer and that means that one human body is trying to escape the reach of another human body this is not about kissing someone on the cheek or pinching them this is about someone getting as far away as they can from a law enforcement officer in order to avoid arrest and that means that what we're necessarily talking about here is strong physical force because one person cannot evade the arrest of another person except by using strong force and um with all due respect to uh opposing counsel they use examples involving someone grabbing a tree or linking arms with protesters pulling someone away from a tree is not resisting arrest in maryland resisting arrest in maryland requires the application of force to another person and um i may have in fact stayed said in uh in the government's brief that it requires the application of force to a law enforcement officer just as an point the law has to connect with a certain um degree of common sense and indicated that the the core elements of resisting arrest are of course the application of force and that's what resisting means and you know when you say well what is this crime about and you don't take a an outlier but you take a look at the kind of crimes that are being prosecuted here and what you have here is someone who risked a serious injury to law enforcement officers the general public himself he engages in a high-speed car chase his vehicle hits an innocent bystander he flees into a hotel lobby there's a confrontation with the police at that point um he's he's biting the hand of one officer he's actively fighting arrest until the he is after quite a struggle subdued and you know and and yet we're in the in the in the face of all this we're going to split hairs between this that the force clause and the residual clause whether this physical force or violent force or whatever you know at a certain point it troubles me because the law has taken takes such leave of what the common sense of it is all about it's just like peter pan and wendy over in some never never land or something to say that resisting arrest doesn't um involve force and generally as a core matter as a generic matter very serious force well and uh you know and that i'm certain that's i mean that's what those opinions in johnson and warlick are are getting out and it it to subdivide this area and to make it more and more abstruse more and more arcane um and more and more divorced from the reality on the ground um i just don't see it well your honor is certainly singing my tune uh in that regard um you know judge chaz now in her sentencing record uh in this case um what would what would the maryland judges say to judge wilkinson in response to that speech what would the maryland prosecutors say to judge wilkinson in response to that speech here's what they would say judge wilkinson you got a problem in federal court that's not our problem our problem is masses of cases coming through the state system um we've got the statement of charges the judge who sentenced this guy knew what he did we don't care if he pleads guilty to resisting arrest or second degree assault or attempted murder that's not our problem congress made it your problem fourth circuit by enacting these statutes that incorporate all manner of state law crimes that are just innumerable in their elements in their context and that's not our problem and congress created the problem the supreme court has made efforts to mitigate it and courts like this one all around the country for years now have made efforts to mitigate it judge wilkinson as council mentioned wrote an opinion two weeks ago that greatly mitigated some of this chaos but the chaos comes from congress and if maryland wants to permit a guy who bites a police officer to plead to resisting arrest rather than second degree assault maryland's entitled to do that it's not the role of this court to treat him as if he committed second degree assault even if he did if he wasn't convicted of second degree assault that's what this what the the prosecutors and judges in maryland would say in response to what you just heard well um we are in an area of the law where there is a certain lack of clarity your honor and um your honor has laid blame with congress which of course has not seen they're not here to defend themselves they're not senator specter and leahy and the other members of the senate judiciary committee who wrote this law he is not here they uh they are not here and and of course uh your honor is right that we've now seen about 25 years since the acca was passed and nary a word has emerged from uh congress to uh amend the statute on the other hand your honor i would say that the supreme court has been uh less um than crystal clear in this area of course judge chas now after she determined that the rich case uh required force in resisting arrest what further information did she gain by using the modified approach to it she's not looking for the facts if i understand it she's looking for the elements of the crime and what did she find out well what she found out your honor was she used the um incorporated statement of probable cause which as this court has held on numerous occasions as a uh shepherd approved document so she looked to that and she found out that um that that if there which she said there there may be a resisting arrest uh variant that is uh non-forceful that by police officers i have probable cause does that add anything to the element of the offense it it doesn't add anything to the element but what it does is it allows for the district court to make a determination as to well that's a factual determination is it well it it's a comparison of the facts that are in court that are included in the statement of probable cause and it's a comparison of those to the two variants of resisting arrest that she said are possibly committed in maryland one involving violent force and one involving non-violent force so she uh came to the conclusion which of course the government disagrees with that um it's possible in maryland to commit a non-violent uh resisting arrest again isn't that a factual determination rather than a legal determination well it's it based on the affidavit your honor i let me try to um be as frank as i can facts are not a dirty word in this area of the law it is absolutely a factual determination in the sense that she looked to the facts that are included in the statement of probable cause and so yes she was looking at facts but what shepherd and taylor are all about is saying there is this small universe of documents that you can look to but once you get into those documents you can look at the facts you can look at every single fact in those documents well then my question is could the defendant have been convicted under the statute without the element of force no the rich court says that you got to have force and so then the question that's raised and of course our brief and then then are you determining the quantity of force that was the on the categorical question uh you're looking to does the statute uh require a violent force and of course it's our position that it does and uh you know romo via lobos the 11th i understand that that a mere touching would would satisfy the maryland statute absolutely not a mere touching and and we've got good language in rich that says you know um a mere touching or flight might be as determined by the maryland courts and we've got you know 38 opinions over 60 years none of which involves uh something less than violent force it's just not in the nature of the crime to commit it by something less than violent or strong physical force um but just if i might believe your your honor is interested in the modified categorical approach and it's certainly um our position that uh if the court were to decide that it's not categorical uh assume without deciding that it's not categorically a crime of violence then you can go to the modified categorical uh approach and there it was entirely appropriate for judge chas now to look at this statement of probable cause shepherd approved document and say hey this that if there is such a thing as non-violent resisting arrest in the state of maryland this isn't it this is a violent course of action that unfolded across two counties involved a side swiping a you know fighting the hand of a charles county sheriff as you probably know oh i'm sorry go ahead judge i wanted to get back to the um the question that judge davis asked early on and that is because i i think these two precedents that we have and johnson and warlick are are the acca but somehow non-violent under the force law um i'm not aware of any i'm certainly not aware of any in the in the narrow world of resisting arrest as it as it exists in various state codes across the country and between myself and miss merchant donnie we probably would have found it if there were one that as judge davis said you know explicitly contrasted those two in the context of a state statute now there are of course um crimes that are found to meet the residual clause of the acca but not the force clause but those are usually crimes like escape which was the subject of the supreme court's opinion in sykes um crimes that are um clearly not inherently forceful but that do pose a risk of injury or vehicular flight those kinds of statutes where um there there is a finding on the under the residual clause but um but the force clause is just never even analyzed because it's not a uh an inherently forceful crime so there are those types of crimes but i'm not aware of any um crime that requires force i mean i keep coming back doesn't it make a difference that the statutes and the guideline provisions are worded in terms of physical force absolutely absolutely use any number of adjectives but they use the word physical force how do you reconcile that with johnson johnson is about not sweeping in this limited group of state assault and battery convictions that are predicated on offensive touchings resisting arrest has to involve more than an offensive touching this is not about pinching or kissing someone on the cheek who doesn't want to be kissed this is about pulling away uh and struggling with physically struggling with an i do have one last quick question uh you're probably aware i'm sure perhaps counsel for defendant is not that we've we've put on the shelf a number of cases pending the supreme court's decision and i'm not sure how to pronounce it is it the champs i've been saying the camps but i could be wrong the camps uh is this a candidate for that treatment well by the by the time the supreme court decides this guy is probably going to be deported i suspect but but should we hold this case in your opinion well um would that help us let me i guess it wouldn't if we decide it's categorical that's right so two points one is your honor uh i i believe that i didn't calculate or or go on the prison website to determine mr apparecio serbia's release date but it is sometime in 2014 so there is there is room to run here and i do think that the i'm sure miss mercendani would tell you that this is important and um that the court should decide it and and it wouldn't matter to mr apparecio serbia's sentence on the issue of day camp um if the court goes in a categorical direction and um upholds the decision of judge chasanow because resisting arrest is categorically crime of violence but i don't think the camp is in play because that's a modified categorical case if um however the court goes in the modified categorical direction uh then i think it probably would make sense to hold it for day camp thank you i see i'm out of time um are you pleased to hear from you in rebuttal i'll keep it very brief um i we agree with the government that if this goes categorical there's no need to wait if it it goes modified then we should see what decomp says um what is your view about holding it well we we and we believe that the categorical approach applies and that it's never a crime of violence the supreme court is deciding whether it's or i mean it's going to decide this whole business of categorical well no the supreme court is going to decide once you go to the modified what you can whether or not you can supplant a missing element with proof of facts in the record surgery you can do on the statue yes how much of a scalpel you can take exactly but they're not going to address whether the categorical applies they're just going to say once you go modified can this this other thing so we could you know we could write this opinion only to find ourselves brought up short by something the supreme court says they're certainly going to be in the area i i encourage you to write it up quickly and to find it categorical because the supreme court and decomp will say nothing that affects that we you don't need to come for that nothing we say is going to persuade the supreme court well but something the supreme court says the gomez to find a categorical approach applies here all you need is gomez and johnson well gomez see that's the problem gomez is the viability of gomez i think turns significantly on the camps uh you think that's the truth of the matter even though the statute was found i think so divisible well in that case maybe you're waiting with bated breath okay that's fine um just to correct a couple of saying you'd lose under either approach i think we win under either approach um so but just to correct a couple of statements that the government made um just as a factual matter excuse me they said um that the maryland force that's under maryland law the resisting arrest the force has to be applied to another person that is absolutely not true um we know in in i can't believe it remember if it's nicholas or rich but the the force can be applied to an object which is why i gave the tree hugging analogy the the the government in that case actually the state argued that the force of slamming a door in the face of an officer was enough physical force to constitute resisting arrest um okay the second uh thing i want to correct can i ask you a question yes um one of the things that interests me is you know the categorical approach tells the modified categorical approach says what records of district court is from is the maximum allowable universe of records that a district court can consult in terms of applying predicate yeah um used to determine a guideline range or an acca sentence but suppose the case goes back on remand and judge houser now uh after after the camps or whatever judge chas now says well you know i'm i'm i'm no longer applying predicate crimes but federal law imposes no limitations on what i can consult in the course of sentence and i have a very good idea of what here what this is i know what the what the activity um what this individual did with a car chase getting innocent pedestrian fighting police officer um i'm going to use this not in terms of a predicate crime acca sentence or predicate crime of violence i'm going to use it for an upward bearing that would be perfectly fine under 35 53 a the court could consider that and say i think you're an inherently violent person based on these charges i want to give you an upward variance that's fine but but that is very different than than saying that it satisfies the force clause and if i could just make the second correct yeah what's the second point government government the government said that those um that nicholas says that violent force is necessary it's the opposite de minimis force is necessary um the government said that more than offensive touching is necessary again not i want to just uh refer you to the reply brief at pages four through six there are cases listed there where only de minimis force was used so unless you have any other questions by the way when you said to judge wilkinson that would be fine you weren't speaking for your colleague who'll be standing in front of judge chas now representing the defendant if there's a resentencing right that's right it's not me who does that thank you much thank you we'll come down and we'll proceed right into our next catch
judges: J. Harvie Wilkinson III, Andre M. Davis, Jackson L. Kiser